FILED
DECEMBER 14, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

07 C 7053

JUDGE NORGLE
MAGISTRATE JUDGE SCHENKIER

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATHY BILLECK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. |
| | ) | |
| PENTAGROUP FINANCIAL, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, KATHY BILLECK, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., complaining against the Defendant, PENTAGROUP FINANCIAL, LLC, and alleging as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. § 1692 et seq.

**JURISDICTION AND VENUE**

2. Jurisdiction arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

**PARTIES**

3. Plaintiff, Kathy Billeck, ("Plaintiff"), is an individual who was at all relevant times residing in the City of Waukegan, State of Illinois.

4. At all relevant times herein, Defendant, Pentagroup Financial, LLC, ("Defendant") acted as a debt collector within the meaning of 15 U.S.C. § 1692a(6) in that it held itself out to be a company collecting a debt allegedly owed to Action Card.

1

5.     Defendant is a corporation that has its principal place of business and its offices located in the State of Texas.

## ALLEGATIONS
## COUNT I
## VIOLATIONS OF THE FDCPA v. PENTAGROUP FINANCIAL, LLC

6.     In August of 2007, Plaintiff began receiving telephone calls from Defendant attempting to collect a debt allegedly owed to Action Card.  Defendant left a voicemail message for Plaintiff stating if she did not return the call or have her attorney return the call, Defendant would be forced to take further action against Plaintiff.

7.     In response, Plaintiff returned the call and set up a payment plan in which she agreed to make payment beginning in August and continuing each month with post dated checks until the debt was paid in full.

8.     Shortly thereafter, Plaintiff received an initial debt collection letter from Defendant and a post dated check notice pursuant to the agreement.

9.     In October of 2007, Plaintiff wrote to Defendant and told it not to deposit the October post dated check as she had changed her bank, however Defendant ignored Plaintiff's request and deposited the check, forcing Plaintiff to make an overdraft payment.

10.    On November 26, 2007, Defendant contacted Plaintiff and accused her of passing bad checks across state lines.

11.    On November 29, 2007, Defendant contacted Plaintiff's mother-in-law and told her that Plaintiff had used her as a reference.

12.    Plaintiff immediately contacted Defendant to demand it stop all communication with anyone else and Defendant stated that if it did not receive payment in full by noon that day it would sue Plaintiff for passing bad checks across state lines.

13. In its attempts to collect the aforementioned debt, the Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 in one or more of the following ways:

    a. Communicated with any person other than the consumer in violation of 15 U.S.C. § 1692b;

    b. Threatened to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5);

    c. Falsely represented or implied that the consumer committed any crime or conduct in order to disgrace the consumer in violation of 15 U.S.C. § 1692e(7);

    d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);

    e. Collected any amount of money unless such amount is expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1); and

    f. Deposited or threatened to deposit any post dated check or other postdated payment instrument prior to the date on such check or instrument in violation of 15 U.S.C. § 1692f(4).

14. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, KATHY BILLECK, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00 for Plaintiff;

  c.  Plaintiff's attorneys' fees and costs;

  d.  Any other relief deemed appropriate by this Honorable Court.

***PLAINTIFF REQUESTS A TRIAL BY JURY ****

            Respectfully Submitted,
            **KATHY BILLECK**


           By:  s/Larry P. Smith
              Attorney for Plaintiff


LARRY P. SMITH & ASSOCIATES, LTD.
Attorneys for Plaintiff
205 North Michigan Avenue
40TH Floor
Chicago, Illinois 60601
Ph (312) 222-9028
Fax (312) 602-3911